UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MANUEL MONTALVO,           )<br>         Plaintiff,             )<br>                                       )<br>   v.                                  )     Cause No.: 2:13-CV-142-PRC<br>                                       )<br>ANTHONY COPELAND, *et al.*,  )<br>         Defendants.           )  | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 18], filed on July 9, 2013; Plaintiff's Verified Motion to Correct Error in Response to Brief and Affidavit of Manuel Montalvo [DE 29], filed on August 20, 2013; and Plaintiff's Motion for Leave to Respond to New Issues Raised in Defendants' Reply Memoranda [DE 31], filed on August 23, 2013.

### I. Procedural Background

Plaintiff Manuel Montalvo filed a *pro-se* Complaint in the Lake County, Indiana, Superior Court on March 15, 2013. Defendants removed the case to the U.S. District Court for the Northern District of Indiana on April 25, 2013. The complaint alleged that Defendants violated Montalvo's First Amendment rights by firing him from his job as library director because he supported a particular mayoral candidate.

All of the Defendants moved for Summary Judgment on July 9, 2013. Their brief argues that Montalvo was in a policy-making position and that the First Amendment of the U.S. Constitution thus did not protect him from firing. Even if he was protected, they argue, Mr. Copeland and Mr. Johnson are both shielded from suit by qualified immunity. Montalvo— who by this point had retained counsel—concedes in his response that his free speech claim was meritless, but argues that his firing violated the Fourteenth Amendment of the U.S. Constitution's guarantees of due process

and equal protection because he was fired without a pre-termination hearing before the term of his contract had ended.

Defendants' Reply urges this Court to dismiss the Fourteenth Amendment claim because Plaintiff was engaged in claim splitting. They point to the existence of a pending lawsuit in state court and a pending arbitration proceeding. The Defendants further argue that the Fourteenth Amendment claim should be dismissed because it does not meet the federal pleading standards of Rule 8(a)(2).

Defendant School City of East Chicago filed a separate Reply, arguing that it should be dismissed from this lawsuit because it was not a party to the contract between Mr. Montalvo and the East Chicago Public Library.

## II. Plaintiff's Motion to Correct Error

As a preliminary matter, Plaintiff asks this Court to strike the parts of his own brief and Mr. Montalvo's affidavit that state that Montalvo is not a party in *Ricardo Garcia v. City of East Chicago*, No. 45D10-1103-PL-00030 (Lake Superior Court No. 6). As it turns out, Mr. Montalvo *is* a party in that case. Plaintiff's counsel explains that he didn't see Mr. Montalvo's name on the Chronological Case Summary and assumed that he was not a party. Plaintiff also states that Mr. Montalvo did not notice the error when he reviewed his affidavit. The Defendants object, arguing that it would muddy the record and "cover up Plaintiff's error" to grant this motion. The Court disagrees. Plaintiff's error remains of record in the original filings to any who would care to look. Equally of record is Plaintiff's explanation and motion to redress the mistake. Accordingly, the Court grants the Motion to Correct Error in Response Brief and Affidavit of Manuel Montalvo and strikes Plaintiff's statements in both his brief and affidavit that he was not a party in the *Garcia* case.

### III.  Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56 (c)). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254,

1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110–11 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not

to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249–50.

### IV. Material Facts

On November 6, 2006, Mr. Montalvo and the East Chicago Public Library Board (Board) entered an employment contract entitled Library Director Employment Agreement (Agreement). The term of the Agreement was five years, beginning on November 20, 2006, and ending on November 19, 2011. Paragraph three of the Agreement granted Mr. Montalvo discretion to terminate the Agreement at any time and the "right of the Board to terminate for cause."

Mr. Montalvo's *pro-se* Complaint points out numerous instances where he openly supported and campaigned for opponents of the current Mayor, Anthony Copeland, and his wife, Carolyn Copeland. On February 16, 2011, the Board voted to approve an extension of his employment contract through September 30, 2013. On March 16, 2011—eight months before the end of the original five-year agreement, and eighteen months before the end of his contract extension—the Board voted to fire Mr. Montalvo. According to Mr. Montalvo's complaint, the Board's reasons given for his termination "were merely a pretext for the intentional violation of Mr. Montalvo's rights under the First Amendment." Mr. Montalvo claimed he was illegally fired because he publically supported a particular mayoral candidate.

### V. Analysis

Defendants seek summary judgment on all of Mr. Montalvo's federal claims.

*A. First Amendment*

The First Amendment protects the views of non-policymaking and non-confidential government employees. *Elrod v. Burns*, 427 U.S. 347, 375 (1976) (Stewart, J., concurring). This rule of law was refined when the U.S. Supreme Court announced in *Branti v. Finkel* that titles were less important than whether political affiliation was relevant to effective administration. 445 U.S. 507, 518 (1980). The law also grants the people the right to elect new leaders who are free to implement new policies, including the replacement of individuals that would frustrate the newly minted leader's agenda. *See Walsh v. Heilmann*, 472 F.3d 504, 506 (7th Cir. 2006).

Though his *pro-se* Complaint contends that the First Amendment protects him from firing, Montalvo's Response to Defendants' Motion for Summary Judgment concedes that he was a policymaker with no First Amendment protection. Since there is thus no dispute on this question, the Court grants summary judgment in favor of Defendants on this claim. The Court finds it unnecessary to address qualified immunity.

### B. Fourteenth Amendment Due Process Claim

The Federal Rules of Civil Procedure state that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corporation v. Twombly*, the Supreme Court explained that Rule 8 does not "require heightened pleading of specific facts, but only enough facts to state a claim of relief that is plausible on its face." 550 U.S. 544, 570 (2007). The Supreme Court spoke to pleading standards again in *Ashcroft v. Iqbal*, when it required a plaintiff to plead facts that allow a court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009).

While Mr. Montalvo's Complaint uses the phrase "Fourteenth Amendment" at least three times, it fails to connect that phrase to any facts pertaining to a contract or a due process violation.

References to the Fourteenth Amendment appear to be included only to refer to the incorporation of the First Amendment against the states. More importantly, the facts alleged in the Complaint do not sufficiently support the Fourteenth Amendment due process claim Mr. Montalvo argues for in his Response to Defendants' Motion for Summary Judgment. As Defendants rightly point out, the Complaint nowhere claims that Mr. Montalvo was fired without having a pre-termination hearing or other required process under his contract or the Constitution.

The Complaint thus does not, per *Twombly*, allege enough facts to state a claim for relief under the Fourteenth Amendment. Nor do the facts alleged warrant a reasonable inference that Defendants are liable under the due process clause as required by *Iqbal*. The Complaint fails to satisfy the notice-pleading requirement of Rule 8. It alleges a First Amendment violation and nothing more.

Nevertheless, Rule 15 permits leave to amend a pleading when justice so requires. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Indeed, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the pleading. *Id. See also Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n.*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim."). Mr. Montalvo does not ask to amend his complaint, but the Court finds that it is in the interests of justice and efficiency (especially since the Complaint was *pro se*) to grant leave *sua sponte*. Mr. Montalvo accordingly may file an amended complaint, if he wishes, by November 27, 2013.

7

The Court reaches neither Defendants' claim splitting arguments nor the School City's argument that it was not a party to Mr. Montalvo's employment contract. Defendants are, of course, free to address these issues in future briefing.

## VI.  CONCLUSION

For these reasons, the Court hereby **GRANTS** the Motion to Correct Error in Response Brief and Affidavit of Manuel Montalvo [DE 29], **STRIKES** Plaintiff's statements that he was not a party in the *Garcia* case, **GRANTS** the Defendants' Motion for Summary Judgment on the First Amendment claim [DE 18], and **GRANTS** Mr. Montalvo leave to amend his Complaint by November 27, 2013. Finally, the Court **DENIES as moot** Plaintiff's Motion for Leave to Respond to New Issues Raised in Defendants' Reply Memoranda [DE 31].

So ORDERED this 14th day of November, 2013.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:     All counsel of record